*1410 OPINION.
Arundell :
The material specific questions raised by the parties hereto as to the general issue of whether assessment of tax for the year 1916 is barred by the statute of limitations as extended by consent agreements entered into pursuant to section 250(d) of the Revenue Act of 1921, are:
1. Is the petition filed herein in form sufficient to entitle the petitioner to obtain the relief it seeks?
2. Did the consent agreement of February 2, 1924, supersede the one executed August 13, 1923, and if so, when?
Concerning the first issue, the respondent contends (a) that the petitioner has failed to allege or prove that the assessment has not been made; and (b) assuming that all of the allegations contained in the petition are true, it has failed to negative the exceptions in section 277(a) of the Revenue Act of 1924, as described in section 278(a) (b) and (c) thereof.
In its petition filed herein the petitioner assigns as error on the part of the respondent that:
The Commissioner of Internal Revenue erred in assuming authority to make the determination of and proposing the assessment of such tax when such determination and proposed assessment was barred by the Statute of Limitations, namely Section 277(a) (2) and 278(c) Revenue Act of 1924. (Italics ours.)
In its statement of facts as a basis for the proceeding, the petitioner states, inter alia, that “ the tax has not been assessed.” The respondent admitted in his answer, filed March 3, 1926, that the deficiency in tax asserted for the year 1916 has not been assessed, and does not *1411 now allege that an assessment has been made since then. From the aforementioned allegations and admission it appears evident that the deficiency here in question has not been assessed.
The question raised by the respondent with respect to the failure of the petitioner to allege or prove that it does not come within the exceptions to section 277 (a) of the Revenue Act of 1924 was decided adversely to his contention here in the case of Farmers Feed Co., 10 B. T. A. 1069, and Bonwit Teller & Co., 10 B. T. A. 1300.
The major issue is that of whether assessment and collection of the deficiency for 1916 are barred by the statute of limitations. There are several arguments advanced by petitioner against the validity of the consent of August 13,1923, among them the contentions, (1) that the statute had run when the consent was executed, (2) it lacks consideration, and (3) that it is indefinite as to time. These contentions have heretofore been decided adversely to petitioner’s claims. See Joy Floral Co., 7 B. T. A. 800; Maple Coal Co., 10 B. T. A. 1336; Cunningham Sheep & Land Co., 7 B. T. A. 652. It was also argued that the consent of August 13, 1923, is invalid because it does not bear the corporate seal and because it was signed by only one officer of the corporation. It is sufficient to say that the statute does not require the affixing of corporate seals nor does it specify the number of signatures required to make a consent valid. Furthermore, there is nothing in the record to show that the officer who signed the waiver did not have authority to bind the corporation.
After the waiver of August 13, 1923, was executed and placed on file, the petitioner under date of February 2, 1924, executed another waiver covering all the years 1910 to 1918, inclusive, and filed it with the respondent.
The question presented by these two waivers is this: Did the second one supersede the first, or should they be construed together and the limitation period determined from the two ? The position of the petitioner is that the second waiver superseded the earlier one and that the respondent did not act within the time agreed upon in the second. Cases are cited in which courts have held that a second contract takes the place of an earlier one as the last expression of the will of the parties. The cases cited rest on the ground that the second contract was complete in itself or that the two were inconsistent and could not stand together. And so even if we attempted to apply the cited cases we find that the second waiver is not in itself complete, referring as it does to “ waivers already on file.” and we do not find any such inconsistency between the two as to render the construction of the two together impossible. Moreover, it is doubtful whether these cases are applicable at all. We are not prepared to grant the claimed analogy between contracts made by individuals and consents to the extension of a statutory period executed by a tax *1412 payer and accepted by the Commissioner. See Bank of Commerce v. Rose, 26 Fed. (2d) 365. The petitioner further says that giving-effect to the literal terms of the first waiver, it never expired, hence the additional year granted by the second can not be applied. The error of this argument is that the first waiver did not suspend the running of the statute forever but only for a reasonable time or until termination by either party upon reasonable notice. Wirt Franklin, 7 B. T. A. 636. It can not be said that the second waiver was notice of the termination of the first in view of the language of the second referring to waivers then on file. If any presumption is to be indulged in, it must be that the petitioner knew the purport of the instrument it was signing. Looking at the two waivers together, there is one granting the respondent a reasonable time after the expiration of the statutory period to assess and collect, and another adding to the period granted by the first. If we had only the first waiver before us we could not hold, on the evidence, that the time elapsed between its execution and the final determination was unreasonable, and having another waiver which neither terminates nor supersedes the first, but adds to its time, we are clearly of the opinion that the statutory time as extended by the consent has not expired.
There is some argument made on the fact that in May, 1925, one of counsel for petitioner informed an employee of respondent that in his opinion the waivers on file had expired. This fact does not operate to bar the tax. In the first place the parties were conferring in regard to 1917 and 1918 taxes and it does not appear that they even had the year 1916 in mind at that time. Furthermore, while a consent can be revoked or terminated before the expiration fixed by its terms, it can be done only on reasonable notice. See Wirt Franklin, supra.
Reviewed by the Board.

Judgment will be entered for the respondent.